UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER W. GARCIA-SERRANNO, ANNA
M. STESIK-GARCIA, CIPRIAN VERES-POP,
JOSE M. MERINO, AND WALTER FLORES,
on behalf of themselves and on behalf of all
others similarly situated,

                Plaintiffs,

      -against-

33 WEST 54TH STREET LLC, FRANCESCO
SORRENTINO a/k/a GIANFRANCO
SORRENTINO, PAULA BOLLA
SORRENTINO, and MARIO COPPOLA,

                Defendants.

09 Civ. 5467 (LAK)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' SECOND AMENDED COMPLAINT

JACKSON LEWIS LLP
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 545-4000
Felice B. Ekelman (FE 5692)
Noel P. Tripp (NT 8931)

ATTORNEYS FOR DEFENDANTS
33 WEST 54TH STREET LLC,
FRANCESCO SORRENTINO a/k/a
GIANFRANCO SORRENTINO and
PAULA BOLLA SORRENTINO

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES .................................................................................................. ii

I. PLAINTIFFS FAIL TO EXPLAIN HOW THEIR LEGALLY DEFICIENT CONTRACT AND QUASI-CONTRACT CLAIMS DIFFER FROM THEIR STATUTORY CLAIMS, AND THUS THEIR CONTRACTS CLAIMS MUST BE DISMISSED ................................................................................................... 1

    A.      Plaintiffs Contracts Claims Are Wholly Redundant and Preempted by Statute ............................................................................................................... 1

    B.      Plaintiffs At-Will Employment Status Simply Highlights the Absence of Any Contract Governing the Terms and Conditions of Plaintiffs' Employment with the Restaurant. ..................................................................... 3

    C.      Plaintiffs' Quantum Meruit Claim Is Redundant To Their Contract Claim In Any Case ...................................................................................... 4

II. PLAINTIFFS MIS-STATE THE LAW APPLICABLE TO PLAINTIFF GARCIA-SERRANO'S LABOR LAW RETALIATION CLAIM, WHICH MUST BE DISMISSED UNDER JOHNSON ..................................................... 5

III. PLAINTIFFS CONCEDE THAT PLAINTIFF GARCIA-SERRANO'S FLSA RETALIATION CLAIM CANNOT LIE .......................................................... 6

CONCLUSION ................................................................................................................... 7

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

Anderson v. Sara Lee, 508 F.3d 181 (4th Cir. 2007)........................................................2

Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris, USA, Inc., 344 F.3d 211 (2d Cir. 2003)...................................................................................................................5

Bongat v. Fairview Nursing Care Ctr., Inc., 341 F. Supp. 2d 181 (E.D.N.Y. 2004)..................1, 5

Briggs Ave LLC v. Ins. Corp. of Hanover, No. 05 Civ. 4212 (GEL), 2006 WL 1517606 (S.D.N.Y. May 30, 2006)...........................................................................................5

Chen v. St. Beat Sportswear, Inc., 364 F. Supp. 2d 269 (E.D.N.Y. 2005).......................2

Hill v. Kempthorne, 577 F. Supp. 2d 58 (D.D.C. 2008)..................................................6

Intellectual Capital Partner v. Institutional Credit Partners LLC, 2009 WL 1974392 (S.D.N.Y. July 8, 2009)............................................................................................4

Lambert v. Genesee Hospital, 10 F.3d 46 (2d Cir. 1993)................................................6

Lamont v. Frank Soup Bowl, Inc., No. 99 Civ. 12482 (JSM), 2001 WL 521815 (S.D.N.Y. May 16, 2001)...........................................................................................6

Lopez v. Flight Servs. & Sys., Inc., No. 07-CV-6186(CJS), 2008 WL 203028 (W.D.N.Y. Jan. 22, 2008)............................................2

McElroy v. Klein, 2007 WL 1821699 (S.D.N.Y. 26, 2007)..........................................3, 4

Nicholls v. Brookdale University Hospital Medical Ctr., No. 03-CV-6233(JBW), 2004 WL 1533831 (E.D.N.Y. July 9, 2004)......................................................................6

Nimmons v. RBC Ins. Holdings (USA), Inc., No. 6:07-cv-2637, 2007 WL 4571179 (D.S.C. Dec. 27, 2007)...............................................................................................6

Patel v. Baluchi's Indian Rest., No. 08 Civ. 9985 (RJS), 2009 WL 2358620 (S.D.N.Y. July 30, 2009).....................................................................................................1

Petras v. Johnson, No. 92 CIV. 8298 (CSH), 1993 WL 228014 (S.D.N.Y. June 16, 1992) ..........2

Tombrello v. USX Corp., 763 F. Supp. 541, 545 (N.D. Ala. 1991)..................................2

## STATE CASES

Bauman Associates v. H&M International Transport, Inc., 171 A.D.2d 479 (1st Dep't 1991) ...............................................................................................................................4

Epifani v. Sale Johnson 2009 N.Y. Slip Op 5287 (2d Dep't 2009) .............................5, 6

Horn v. N.Y. Times, 100 N.Y.2d 85 (2003) .................................................................3

Marino v. Oakwood Care Ctr., 5 A.D.3d 740 (2d Dep't 2004)......................................3

## FEDERAL STATUTES

29 U.S.C. § 215(a)(3)...................................................................................................6

## STATE STATUTES

N.Y. Labor Law § 215 ..................................................................................................5

Defendants 33 West 54th Street LLC ("the Restaurant"), Francisco Sorrentino a/k/a Gianfranco Sorrentino, and Paulo Bolla Sorrentino (together "Defendants"), through their undersigned attorneys, submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss Counts One, Two, Five and Six of Plaintiff's Second Amended Complaint pursuant to §12(b)(6) of the Federal Rules of Civil Procedure (the "Motion") and in response to Plaintiffs' "Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss" ("Opposition").

## I. PLAINTIFFS FAIL TO EXPLAIN HOW THEIR LEGALLY DEFICIENT CONTRACT AND QUASI-CONTRACT CLAIMS DIFFER FROM THEIR STATUTORY CLAIMS, AND THUS THEIR CONTRACTS CLAIMS MUST BE DISMISSED

Factually, Plaintiffs' allegations are straightforward. They were employed by Il Gattopardo, a restaurant operated by corporate Defendant 33 West 54th Street, LLC ("the Restaurant") and assert they did not receive proper compensation for all hours worked under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law"). Opposition at pp. 2-3.[1]

### A. Plaintiffs Contracts Claims Are Wholly Redundant and Preempted by Statute

Plaintiffs argue that they are entitled to plead and proceed on three different legal theories to recoup the same wages allegedly due. See Opposition at p. 5 (discussing Bongat v. Fairview Nursing Care Ctr., Inc., 341 F.Supp.2d 181 (E.D.N.Y. 2004), and conceding that an

---

[1] Plaintiffs do not argue that they are entitled to rumeneration on some basis *other* that for work performed. Such a scenario might actually give rise to colorable contract claims such as those Plaintiffs seek to bring here. Cf. Patel v. Baluchi's Indian Rest., No. 08 Civ. 9985 (RJS), 2009 WL 2358620 (S.D.N.Y. July 30, 2009) (unjust enrichment cause of action for shifting defendant's tax burden onto plaintiffs by reporting non-existent tips permitted to proceed as it was not duplicative of statutory wage claim).

"adequate remedy at law" existed under the FLSA in that case). Plaintiffs misconstrue both the applicable preemption doctrine and their own pleading burden.

With regard to preemption, Plaintiffs dismiss <u>Chen v. St. Beat Sportswear, Inc.</u>, 364 F. Supp. 2d 269 (E.D.N.Y. 2005) by noting that the <u>Chen</u> Court acknowledged the then-uncertain <u>scope</u> of FLSA preemption. Opposition at p. 4 (discussing <u>Chen</u>). However, since <u>Chen</u> was decided numerous courts within this Circuit (and other Circuit courts) have found attempts to artfully plead redundant contractual claims based on identical facts preempted by the wage statutes. In <u>Lopez v. Flight Servs. & Sys., Inc.</u>, No. 07-CV-6186(CJS), 2008 WL 203028 (W.D.N.Y. Jan. 22, 2008), an FLSA and Labor Law plaintiff brought "state common-law claims for fraud, breach of contract, breach of implied covenants of good faith, tortious interference with contract, and unjust enrichment." <u>Id</u>. at * 6-7. There, the Court found that "all of the state-law claims pertain to Defendants' alleged failure to pay Plaintiffs in accordance with the FLSA" and thus were preempted by the statute. <u>Id</u>. at * 7; <u>Petras v. Johnson</u>, No. 92 CIV. 8298 (CSH), 1993 WL 228014, at *3 (S.D.N.Y. June 16, 1992)(claim for fraud based on alleged effort to conceal overtime rights preempted by FLSA); <u>Anderson v. Sara Lee</u>, 508 F.3d 181, 194 (4th Cir. 2007)(FLSA provides exclusive remedies for violations thereof and state claims which "merely duplicated FLSA claims" were preempted).[2]

Plaintiffs' allegations in this case are on all fours with <u>Lopez</u>, and their contract and quasi-contract claims – which pertain solely to Defendants' alleged failure to pay Plaintiffs

---

[2] <u>See also</u> cases collected in Defendants' original Memorandum of Law in support of its Motion at pp. 9-10; <u>Nimmons v. RBC Ins. Holdings (USA), Inc.</u>, No. 6:07-cv-2637, 2007 WL 4571179 (D.S.C. Dec. 27, 2007)("Plaintiff's state law claims related to alleged overtime must be dismissed because they assert rights that are duplicative of those protected by the FLSA"); <u>Alexander v. Vesta Ins. Group, Inc.</u>, 147 F. Supp. 2d 1223, 1241 (N.D.Ala. 2001) (dismissing common law fraud claim based on FLSA's preemptive impact); <u>Tombrello v. USX Corp.</u>, 763 F. Supp. 541, 545 (N.D. Ala. 1991)(dismissing common law claims, and holding that "plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state [common] law claims in addition to FLSA claim" (emphasis added)); <u>Nettles v. Techplan Corp.</u>, 704 F. Supp. 95, 100 (D.S.C. 1988).

for all hours worked in accordance with the wage laws – must be dismissed as being preempted by statute.

**B.** **Plaintiffs At-Will Employment Status Simply Highlights the Absence of Any Contract Governing the Terms and Conditions of Plaintiffs' Employment with the Restaurant**

Plaintiffs concede their employment was (and remains, in the case of Plaintiff Stesik-Garcia) at will. Opposition at pp. 2-3. Thus, as Plaintiffs concede, the Restaurant was free to prospectively terminate or modify the terms of Plaintiffs' employment at any time.[3] Marino v. Oakwood Care Ctr., 5 A.D.3d 740, 741 (2d Dep't 2004)(Defendant was free to change prospective terms of proposed at-will employment relationship) citing Horn v. N.Y. Times, 100 N.Y.2d 85, 93 (2003). Nevertheless, they contend their contract claim should be permitted to rest on the "well-recognized legal proposition" that at-will employees and employers may enter into contracts of employment.[4] Defendants highlight Plaintiffs' at-will status only to demonstrate Plaintiffs utter failure to define or identify the alleged "contract" by reference to any obligation *other* than the Restaurant's statutory obligations under the FLSA and Labor Law. Simply, Plaintiffs have not pled the existence of the elements of such an at-will employment contract in the case at bar.

Plaintiffs' argument to the contrary is based solely on the factually distinguishable (and factually unusual) case of McElroy v. Klein, 2007 WL 1821699 (S.D.N.Y. 26, 2007). Opposition at pp. 3-4. In McElroy, the Plaintiff was a would-be computer technician and student aide at Defendant school who performed services but never became a proper employee of the

---

[3] Subject, of course, to the requirements imposed by the FLSA and Labor Law.

[4] Contrary to Plaintiffs' statements, Defendants do not assert that this general proposition of law is categorically untrue, and that at-will employees can never enter into partial contracts of employment while remaining at will. Defendants assert that Plaintiffs have not pled the plausible existence of such a contract here. See Memorandum of Law in support of Defendants' Motion at pp. 5-6.

Defendant school, in that he was never added to the school's payroll and never received a paycheck for wages, despite performing services over many months and completing various employment-related documentation. McElroy, 2007 WL 1821699 at * 6.

The dispute in McElroy, then, was not simply the number of hours performed by Plaintiff, but the very nature of the arrangement between the parties. That dispute is not present here. Plaintiffs were employees of the Restaurant. Their employment was governed by the FLSA and the Labor Law. They do not plead any further facts, and their breach of contract claim should be dismissed.

### C. Plaintiffs' Quantum Meruit Claim Is Redundant To Their Contract Claim In Any Case

Not only are Plaintiffs' contract and quasi-contract claims *both* preempted by the statutory remedies available in this case, but the Intellectual Capital Partner case does not stand for the broad proposition that contract and quantum meruit claims may be pled in the alternative as a general matter, as Plaintiffs urge. See Opposition at p. 4 (discussing Intellectual Capital Partner v. Institutional Credit Partners LLC, 2009 WL 1974392 at * 8 (S.D.N.Y. July 8, 2009)). Normally, a plaintiff who alleges existence of a contract may not bring redundant quantum meruit claims, absent the pleading of separate facts on which to base such a claim. As a matter of law, where a plaintiff merely restates its contractual damages as the reasonable value of its services, its quasi-contracts claim should be dismissed. Bauman Assocs. v. H&M International Transport, Inc., 171 A.D.2d 479, 483-84 (1st Dep't 1991)("quantum meruit is intended to avoid a party's unjust enrichment; it is certainly not a device wherein a plaintiff may enforce a purported agreement which might ultimately be found not to be viable. Here, plaintiff's second cause of action is, in effect, indistinguishable from its first claim for breach of contract").

4

To the extent the Court is inclined to permit Plaintiffs' breach of contract theory to proceed alongside the identical statutory wage claim (which it should not), the Court should still hold that Plaintiffs quantum meruit claim as pled is legally inadequate, and cannot lie alongside the contract claim. See Bongat, 341 F. Supp. 2d at 188-9 citing Strom v. Goldman, Sachs & Co., 202 F.3d 138, 144 n.6 (2d Cir. 1999)("if there is an adequate remedy at law, a court will not permit a claim in equity").

## II. PLAINTIFFS MIS-STATE THE LAW APPLICABLE TO PLAINTIFF GARCIA-SERRANO'S LABOR LAW RETALIATION CLAIM, WHICH MUCH BE DISMISSED UNDER JOHNSON

In claiming that this Court is "only bound by decisions of the state's highest court and not by lower court decisions" (Opposition at p. 6), Plaintiffs categorically mis-state the standard of deference this Court owes to Epifani v. Sale Johnson 2009 N.Y. Slip Op 5287 (2d Dpt. 2009) as an uncontroverted decision of an intermediate appellate court, here the Appellate Division, Second Department. This Court is bound to apply Johnson's interpretation of the Labor Law anti-retaliation provision codified at N.Y. Labor Law § 215 because "federal courts are bound to apply state law as interpreted by the state's intermediate appellate courts *absent persuasive evidence that the state's higher court, which has not ruled on the issue, would reach a different conclusion.*" See Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris, USA, Inc., 344 F.3d 211, 221 (2d Cir. 2003)(emphasis added); Briggs Ave LLC v. Ins. Corp. of Hanover, No. 05 Civ. 4212 (GEL), 2006 WL 1517606, at * 5-6 (S.D.N.Y. May 30, 2006) (Lynch,J)(applying Blue Cross and affording "great weight" to Appellate Division decisions).

Plaintiffs mis-state the standard of deference owed, and cite to federal court cases discussing the Labor Law retaliation provision which pre-date Johnson, in lieu of their obligation under Blue Cross to offer evidence that the New York Court of Appeals would rule contrary to

5

Johnson's holding. No such evidence exists, and the Johnson standard, requiring that a Labor Law retaliation plaintiff "must allege that he or she complained about a *specific violation of the Labor Law to support a claim*" applies to Plaintiff Garcia-Serrano's Labor Law retaliation claim. Johnson, 2009 NY Slip Op 5287 at * 21 (emphasis added). Garcia-Serrano does not so plead, and Count Five of the Second Amended Complaint must be dismissed.

### III. PLAINTIFFS CONCEDE THAT PLATINIFF GARCIA-SERRANO'S FLSA RETALIATION CLAIM CAN NOT LIE

Plaintiffs acknowledge (as they must), that the Second Circuit has ruled on the viability of the FLSA retaliation cause of action alleged by Plaintiff Garcia-Serrano, and held that the conduct Plaintiff Garcia-Serrano alleges – retaliation based on informal wage complaints – does not constitute unlawful retaliation for the purposes of the FLSA. Opposition at p. 7 (discussing the decisions of other Circuits but acknowledging Lambert v. Genesee Hospital, 10 F.3d 46, 55 (2d Cir. 1993)). Lambert stands, inarguably, for the proposition that the FLSA retaliation provision of 29 U.S.C. § 215(a)(3) protects employees only from retaliation for instituting *formal proceedings*. Plaintiff Garcia-Serrano was terminated long before the formal proceeding, this lawsuit, was commenced.[5] Under Lambert, he was not a party protected by the FLSA as a matter of law.

Countless courts in this district have reinforced the Lambert holding. See Motion at pp. 12-13 (citing cases); see also Nicholls v. Brookdale Univ. Hosp. Med. Ctr., No. 03-CV-6233(JBW), 2004 WL 1533831 (E.D.N.Y. July 9, 2004)("There is no action under section 215(a)(3) in the absence of formal procedures"); Lamont v. Frank Soup Bowl, Inc., No. 99 Civ.

---

[5] It goes without saying that his termination, which occurred months before the filing of this lawsuit, could not be considered retaliation for a lawsuit which had not been commenced. See e.g. Hill v. Kempthorne, 577 F. Supp. 2d 58, 66 (D.D.C. 2008)(adverse employment action "cannot in any sense constitute reprisal for the protected activity Hill engaged in two months later").

12482 (JSM), 2001 WL 521815 (S.D.N.Y. May 16, 2001)("complaints made to employers [are] not protected activity under the FLSA"). Plaintiffs provide no basis for deviating from <u>Lambert</u> here, and this Court must follow it. Thus, Plaintiff Garcia-Serrano's FLSA retaliation claim (Count Six) also must be dismissed.[6]

## CONCLUSION

As set forth above and in Defendants' Motion, Plaintiffs seek to prosecute their wage-and-hour violations under two redundant contracts theories, absent any factual allegations upon which to base such claims. Further, Plaintiff Garcia-Serrano's retaliation allegations are legally baseless. Defendants respectfully request the Court enter an Order: (1) dismissing with prejudice the First, Second, Fifth and Sixth Causes of Action asserted in Plaintiffs' Second Amended Complaint in their entirety; (2) awarding Defendants the costs they have incurred in filing and pursuing the instant motion to dismiss; and (3) awarding Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP

59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

By:     /s/ Felice B. Ekelman
        Felice B. Ekelman (FE 5692)
        Noel P. Tripp (NT 8931)

        ATTORNEYS FOR DEFENDANTS

Dated: October 13, 2009
       New York, New York

---

[6] Plaintiffs correctly note that Defendants have not as yet sought dismissal of Counts Seven through Ten of the Second Amended Complaint. Opposition at p. 7.

7

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2009 a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

By:     */s/ Felice B. Ekelman*
        Felice B. Ekelman (FE 5692)