ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WALTER W. GARCIA-SERRANO,
ANNA M. STESIK-GARCIA, CIPRIAN
VERES-POP, JOSE M. MERINO, and WALTER
FLORES on behalf of themselves and on behalf of
all others similarly situated

**Docket No.: 09-CV-5467(LAK)**

Plaintiffs,

-against-

33 WEST 54TH STREET LLC, FRANCESCO
SORRENTINO a/k/a GIANFRANCO
SORRENTINO, PAULA BOLLA SORRENTINO
and MARIO COPPOLA

Defendants.

------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' CROSS-MOTION TO PROCEED AS A COLLECTIVE ACTION UNDER FLSA, 29 U.S.C. 216(b) AND TO CERTIFY THE CLASS UNDER FED.R.CIV.P.23(b)(3)**

# PRELIMINARY STATEMENT

Defendants' opposition, while seemingly long in form, is low on substance. In their magisterial submission, Defendants cite sixty-eight (68) cases, over a third of which are district court decisions from other jurisdictions, and many of the cases from this Circuit that Defendants do cite are inapposite or minority decisions. Continuing in this vein, Defendants also routinely cite cases for one proposition while ignoring that the very same case stands against a different proposition of law they make elsewhere in their papers. Finally, Defendants do not advise the Court that many, if not most, of Defendants' arguments that have been rejected by courts in this Circuit on a number of occasions.

Defendants argue that Plaintiffs' Second Amended Complaint is "untimely" despite it being brought within the dates set forth in the Court's scheduling order is frivolous. This Court's scheduling order clearly permitted Plaintiffs to amend the complaint at any time prior to August 31, 2009. Plaintiffs' Second Amended Complaint was filed on August 17, 2009, right in the beginning of discovery, and was therefore timely.

Plaintiffs have also satisfied the requirements of Fed.R.Civ.P.23(b)(3). The class is clearly numerous, insofar as Defendants do not challenge Plaintiffs' recollection of approximately eighty (80) putative class members. The class satisfies the commonality and typicality requirements because all of Defendants' employees were subject to the same common plan or scheme: Defendants' policy to not pay their employees for all hours worked, including overtime hours. Plaintiffs are adequate representatives insofar as they share the same interests with the class. Plaintiffs have also shown that they and putative Plaintiffs are similarly situated because Defendants' policy to not pay their employees for all regular and overtime hours worked

affected all of Defendants' employees in the same manner.

Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' cross-motion in its entirety.

## ARGUMENT

### 1. Plaintiffs' Second Amended Complaint was Timely and In Accordance with this Court's Orders

Defendants claim that this Court should strike Plaintiffs' Second Amended complaint because Plaintiffs filed it without Court authorization and because it was filed in bad faith. Contrary to Defendants' claims, the Second Amended Complaint was filed in accordance with this Court's Scheduling Order, dated August 3, 2009, attached as **Exhibit 11**. *See*, Wisniewski Reply Decl. at ¶¶2-6.

Regarding the claim that Plaintiffs amended the complaint in bad faith, despite devoting two full pages to the issue, Defendants offer no evidence whatsoever to support that claim.

### 2. The Class Satisfies Fed.R.Civ.P.23(b)(3)

#### A. Plaintiffs Satisfied the Numerosity Prong

Plaintiffs contend that the proposed class is comprised of approximately eighty (80) individuals.[1] Pointing to cookie-cutter, bare-bones, affidavits from Defendants' current employees alleging that they were paid for all hours they worked, however, Defendants claim that Plaintiffs have not satisfied their obligation to show that Defendants' other employees were

---

[1] Defendants do not deny that they employed approximately eighty (80) individuals during the time period of the complaint. As Defendants are in possession of this information, Plaintiffs merely need to give a reasonable estimate. *Novella v. Westchester County*, 2004 WL 3035405 at *5 (S.D.N.Y., Decmber 29, 2004)(Mukasey, J.).

also subject to Defendants' policy to not pay their workers for all hours worked, including overtime, and to underpay them for each hour worked. These affidavits allege, *inter alia*, that at least five Defendants' workers were personally informed by Defendant Gianfranco Sorrentino or Mario Coppola about the tip credit and that the employee was paid for all hours worked. See, Defendants' **Exhibits C-G**. Affidavits from current employees should be discounted "because of the risk of bias and coercion inherent in [current employee] testimony." *See, Francis v. A & E Stores, Inc.*, 2008 WL 4619858 at *3 (S.D.N.Y.,October 16, 2008)(Seibel, J.) *quoting Morden v. T-Mobile USA, Inc.*, 2006 WL 2620320 at *3 (W.D.Wash. Sept.12, 2006). The imbalance between employers and employees is starkly illustrated by Defendants promoting Luigi Cozzilino to manager merely a few days after Defendants submitted his affidavit. *See*, Stesik-Garcia Reply Decl. at ¶3. In addition, these affidavits should also be disregarded because it is not for the Court at this stage of the litigation to resolve factual disputes between the parties. *Barrus v. Dick's Sporting Goods, Inc.*, 465 F.Supp.2d 224, 230 (W.D.N.Y., 2006).

Even if the affidavits are admitted, however, Defendants themselves admit that the class comprises approximately forty (40) individuals. (Def. Memo. at 9). As Plaintiffs stated in their initial papers (Pl. Memo. at 26-27), in the Second Circuit, a class of forty or more raises a presumption of numerosity. *Ansoumana v. Gristede's Operating Corp.* 201 F.R.D. 81, 85 (S.D.N.Y. 2001)(*citing* **Consolidated Rail Corp. v. Town of Hyde Park**, 47 F.3d 473, 483 (2nd Cir., 1995), *cert. denied*, 515 U.S. 1122, 115 S.Ct. 2277 (1995). More important, however, is that a number of Defendants' former and current employees are immigrants, some of whom possess poor English skills, and who may have difficulties bringing this case on their own. *See, Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 204-05 (E.D.N.Y. 2005). As

such Plaintiffs have shown that numerosity exists at bar.[2]

Finally, Defendants make the discredited claim that certifying the class is unnecessary where a FLSA collective action is possible.[3] Def. Memo at 10. This argument is surprising. A collective action under the FLSA only goes back three (3) years; a class action for New York Labor Law under Fed.R.Civ.P.23(b)(3) allows employees to recover for up to six (6) years, which is a significantly longer period of time. In addition, as will be detailed *infra*, the overwhelming number of courts in this Circuit have permitted FLSA collective actions and class actions under Fed.R.Civ.P.23(b)(3) for New York Labor Laws to be brought together.

### B. Plaintiffs Have Shown that Their Claims and the Claims of the Class are Typical

Defendants incorrectly claim that Plaintiffs cannot show commonality and typicality because Defendants submitted affidavits from their current employees denying Plaintiffs' claims and because certain Plaintiffs have retaliation claims against Defendants that will prevent the class from having common and typical claims. Continuing a theme throughout their opposition, in support of their argument, Defendants cite numerous district court cases from other jurisdictions with rules wildly different from this jurisdiction.[4]

---

[2] Defendants cite *Bogosian v. All Am. Concessions*, 2008 WL 4534036 at *7 (E.D.N.Y., September 29, 2008) for the proposition that numerosity cannot be established when the record did not reflect that the purported class members had claims for overtime. *Bogsian* is inapposite insofar as plaintiffs' affidavits in that case themselves reflected that many employees had no claims for overtime. Plaintiffs at bar recall that virtually all of Defendants' employees worked regular and overtime hours for which they were not paid. *See, e.g.*, Veres-Pop Decl. at ¶10, Flores Decl. at ¶6, and Stesik-Garcia Decl. at ¶6.

[3] This argument is especially disingenuous given that Defendants later argue that the collective action procedure under the FLSA is not available to Plaintiffs.

[4] The cases they do cite from this Circuit are remarkably different from the present case because the plaintiff in those cases provided no facts supporting his claim that other employees similarly suffered from the employer's policies. Here, five individual Plaintiffs, who as a group performed three different types of work for Defendants, each submitted declarations establishing that they worked hours for which they were not paid, that other

Although denied by Defendants, this case present a perfect opportunity for class certification. Commonality is present when all of the proposed class members' claims derive from a common policy or plan not to pay proper wages and are based on the same legal theory. *Niemiec v. Ann Bendick Realty,* 2007 WL 5157027 at *7 (E.D.N.Y., April 23, 2007). Defendants admit that their waiters, busboys, and food runners were paid at a rate lower than the minimum wages under federal and New York State law, but claim that they were permitted to take advantage of the "tip credit" because they provided notice to their clients.[5] There is, therefore, a common question of law and fact whether Defendants paid their workers the proper rate under the FLSA and New York Labor Law. There is also the question if Defendants had a policy to make their employees work "off-the-clock" by forcing them to work after they punched out of by modifying their computer timekeeping software to lower their employees' hours. As such, the question of how many hours Defendants' employees worked and whether they were paid for all hours is a question of damages, and not liability, and are not relevant to determine whether the class should be certified. *See, Ansoumana, supra,* 201 F.R.D. at 85.

For the same reasons, the kitchen workers should be included in the class. Although Defendants do not claim they took advantage of the "tip credit" with regard to the kitchen workers, these kitchen workers were nonetheless not paid for all hours worked and, in fact, often worked for less than the minimum wage. *See,* <u>Veres-Pop Reply Decl.</u> at ¶¶3-4. The fact that

---

employees worked similar hours, and that other employees complained to them about not being paid for all hours worked.

[5] As an aside, Defendants incorrectly claim that Plaintiffs and their counsel admit that a sign from the Department of Labor explaining the mechanics of the tip credit hung in the restaurant. What Plaintiffs admitted is that Defendants posted a sign. Plaintiffs do not recall the sign saying anything about a "tip credit" or explaining the "tip credit."

Defendants' employees performed different tasks "is a distinction with limited meaning." *Bielski et. al. v. Royal Plumbing & Heating, Corp. et al.*, E.D.N.Y. Nos. 06-CV-6542(BMC), Doc. No. 132 at *7, attached as **Exhibit 13** to the Wisniewski Reply Decl.[6]

Finally, Defendants also claim that the class should not be certified as a class action under Fed.R.Civ.P.23(b)(3) or as a collective action under the FLSA because some Plaintiffs have retaliation claims. Despite making this claim on a number of occasions throughout their papers, Defendants fail to cite a single case that supports the proposition that the class representatives having individual retaliation claims negates commonality and typicality. The cases Defendants do cite deal with specific *defenses* that "threaten[ed] to become the focus of the litigation." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2nd Cir., 1990). At least one court in this Circuit has certified a class even though some members had retaliation claims. *See, Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447 (S.D.N.Y., 2008)(Crotty, J.).

### C. Plaintiffs Veres-Pop, Merino, Garcia-Serrano and Flores are Adequate Representatives

Defendants conjure up a bizarre veiled accusation, based on nothing more than speculation, that Plaintiffs amended the complaint as a class action two months after filing it and right at the beginning of discovery for nefarious unnamed purposes, and as such, cannot represent the class. The illogic of this argument is astounding. Plaintiffs filed their Second Amended complaint only barely two (2) weeks after the preliminary conference, within the time frame

---

[6] As Judge Brian M. Cogan argued, if differences in hours, pay, and job responsibilities "were enough to preclude class certification, the universe of workers that could ever be certified as a class for unpaid wages would be infinitesimally small. Yet.... it is routine for courts in the Second Circuit to certify state labor law classes in FLSA actions." *Id. quoting Guzman v. VLM, Inc.*, 2008 WL 597186 at *10 (E.D.N.Y., March 2, 2008).

allowed by the Court, and at the beginning of discovery, barely a few days after Defendants' discovery requests were served. What underhanded benefits Plaintiffs expected to gain from bringing a class action complaint at that time is left to the Court's imagination.

Defendants also argue that by waiving their rights to liquidated damages under CPLR §901, the proposed class representatives are not adequate. This argument sounds interesting – until one realizes that the overwhelming case law in this Circuit holds differently. *See, Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 163-164 (S.D.N.Y., 2008)(citing twelve cases in this Circuit permitting hybrid collective action/class actions).[7]

### D. The Class Action is a Superior Mechanism for Resolving this Action

Although Defendants claim that the "tip credit" is a predominantly individual issue, Plaintiffs have claimed that Defendants never notified their employees of the tip credit through signs posted on the walls or handouts to their employees. And contrary to Defendants' claim, Plaintiffs do not recall Defendants' poster containing any information regarding the "tip credit" nor did the rules and regulations that Defendants circulated prior to this lawsuit have any such information. *See, e.g.,* Veres-Pop Decl. at ¶8, Garcia-Serrano Decl. at ¶6, and Stesik-Garcia Decl. at ¶11. As such, the class should be certified.

### 3. *This Court Should Certify Defendants' Employees as a Collective Action*

#### A. Plaintiffs Have Shown They Are Similarly Situated

Although recognizing that Plaintiffs have a minimal burden at this stage of the litigation, Defendants argue that the circumstances surrounding whether an employee received notice of the

---

[7] *De La Cruz v. Gill Corn Farms*, 2005 WL 5419056 (N.D.N.Y., January 25, 2005), an outlier cited by Defendants,.was also cited by the *Duane Reade* court. *Duane Reade, supra,* 250 F.R.D. at 164. It is unimaginable that Defendants were unaware of *Duane Reade* or any of the multitude of cases against their position.

"tip credit" is individualized and not proper for collective action certification. In support of this claim Defendants cite *Monger v. Cactus Salon & Spa's LLC*, 2009 WL 1916386 (E.D.N.Y., July 6, 2009), which actually holds the opposite. In *Monger*, the court certified a collective action of defendants' employees who worked in the same work location as plaintiffs on the ground that courts routinely certify collective actions based on declarations establishing a common scheme or plan and identifying similarly situated individuals. *Id.* at *2 *quoting Sobczak v. AWL Industries, Inc.*, 540 F.Supp.2d 354, 362 (E.D.N.Y., 2007). At bar, Plaintiffs have established that Defendants had a policy to pay their employees less than the minimum wage, to not compensate them for all hours worked, and to not notify their employees of the tip credit. Plaintiffs also listed the names of Defendants' employees who worked similar hours as Plaintiffs and who complained to Plaintiffs about not being paid for all hours worked. That is sufficient to set forth a common scheme or plan to satisfy the case law in this Circuit.[8]

Defendants further claim that "off-the-clock" allegations are not appropriate for collective certification, citing *Diaz v. Electronics Boutique of America, Inc.*, 2005 WL 2654270 at *5 (W.D.N.Y. Oct. 17, 2005). Def. Memo at 24. What Defendants fail to tell the Court is that another case that Defendants cite *one page earlier* states that cases in this Circuit routinely certify classes of individuals who claim they were forced to work "off-the-clock" and that their employer's electronic records were modified. *Laroque v. Domino's Pizza, LLC*, 557 F.Supp.2d 346, 354 (E.D.N.Y., 2008)(citing cases)(Irizarry, J.). It is hard to imagine that Defendants did not realize there was substantial countervailing authority to their position on this issue.

---

[8] Defendants' argument is also disingenuous since they claim earlier that the class should not be certified under Fed.R.Civ.P.23(b)(3) because FLSA certification is appropriate. Def. Memo. at 10.

**B. The Notice Should be Sent to Employees Who Worked for Defendants over the Past Six Years.**

Numerous cases support Plaintiffs' contention that the notice should be sent to all employees who worked during the past six (6) years. See, e.g., *See, Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 308, n.4 (S.D.N.Y., 1998)(Sotomayor, J.); *Harrington v. Education Management Corp.*, 2002 WL 1343753 at *2 (S.D.N.Y., Jun. 19, 2002)(FLSA notice to defendants' employees within the state of New York to go back six years, while the notice for employees in other states to extend three years)(Baer, J.) and other cases cited by Plaintiffs. Pl. Memo at 18.

Yet, despite not citing a single precedent in any circuit, Defendants request that the Court limit the circulation of the notice to Defendants' employees over the past two (2) years. (Def. Memo at 26) At least two courts in this District have expressly rejected this argument. *See, e.g., Anglada v. Linens 'N Things, Inc.*, 2007 WL 1552511 at *7 (S.D.N.Y. May 29, 2007) and *Francis, supra*, 2008 WL 4619858 at *4.[9] In fact, the only case Defendants cite in this section, *Sobczak v. AWL Industries, Inc.*, 540 F.Supp.2d 354, 362 (E.D.N.Y, 2007) explicitly permitted the notice to be circulated going back three years.

**C. The Proposed Notice Should Include the Caption and Language Informing Putative Plaintiffs that They Will Not Need to Disclose Whether They are a Citizen or Possess a Green Card**

Defendants particularly challenge the following phrase in Plaintiffs' proposed notice

---

[9] Defendants cite *Anglada* on the very next page of their opposition for another proposition. This is at least the second time in their opposition that Defendants cited a case for one proposition and failed to apprise the Court that the same case stands in direct opposition to another one of their arguments.

(See, Ex.8) In particular they challenge the following language: "You will not be asked to disclose whether or not you are a citizen or have a green card in order to participate in this suit." This exact language was explicitly sanctioned by Magistrate Judge Joan M. Azrack. *Godlewska v. HDA*, 03-cv-03985-DGT-JMA, Order dated September 24, 2004, attached as **Exhibit 12 to** <u>Wisniewski Reply Decl.</u> This language comports with the protection the FLSA affords undocumented workers. *See, e.g., Madeira v. Affordable Housing Foundation, Inc.* 469 F.3d 219, 243 (2nd Cir., 2006); *Flores v. Amigon*, 233 F.Supp.2d 462, 464-465 (E.D.N.Y. 2002) ("numerous lower courts have held that employees, regardless of their immigration status, are protected by the provisions of the FLSA"); *Liu v. Donna Karan International, Inc., Liu v. Donna Karan Int'l, Inc.*, 207 F.Supp.2d 191, 192-193 (S.D.N.Y. 2002)(citing cases)(Knapp, J.). Because the FLSA protects undocumented workers, and undocumented workers would likely withdraw from a case rather than face possible deportation, multiple courts have denied discovery on a party's immigration status. *See, Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y., 2002)("[i]t is entirely likely that any undocumented [litigant] forced to produce documents related to his or her immigration status will withdraw from the suit rather than produce such documents and face ... potential deportation.")(Ellis, J.); *Rengifo v. Erevos Enterprises, Inc.*, 2007 WL 894376 at *2 (S.D.N.Y., March 20, 2007)(recognizing "the in terrorem effect of inquiring into a party's immigration status and authorization to work in this country...."); *Trejos v. Edita's Bar and Restaurant, Inc.,* 2009 WL 749891 at *2 (E.D.N.Y., March 17, 2009).

Finally, it is appropriate for the Notice to include the caption. As one Court recognized, "class action notices commonly have the court caption at the beginning of the notice sent to potential plaintiffs." *Colozzi v. St. Joseph's Hosp. Health Center*, 2009 WL 2045315 at *4 (May

27, 2009). There is no danger that including the caption may make Plaintiffs' claims appear to have judicial sanction, especially when the notice expressly states: "**This notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must be still made by the Court.**"

## CONCLUSION

Pursuant to the above, Plaintiffs respectfully request an order affording the relief requested in the Declaration of Robert Wisniewski, Esq., counsel for Plaintiffs.

Dated: New York, New York
       October 13, 2009                Respectfully submitted,

                                                      /s/
                                      Robert Wisniewski (RW-5308)
                                      Counsel for Plaintiffs